NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDIDO PENA RAMIREZ, | No. 16-72682 |
| Petitioner, | Agency No. A206-356-901 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Candido Pena Ramirez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief.  *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

As to the agency's particularly serious crime determination, the court's review is limited to whether the agency relied on the appropriate factors and proper evidence.  *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court may not reweigh the evidence and reach its own conclusion in review of the agency's particularly serious crime determination).  The agency did not abuse its discretion in determining that Ramirez's conviction under Cal. Penal Code § 288(a) is a particularly serious crime that rendered him ineligible for withholding of removal, where the agency cited to and applied the correct legal analysis to appropriate record evidence.  *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (an applicant convicted of a particularly serious crime is ineligible for withholding of removal); *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (no abuse of discretion in a particularly serious crime determination where the agency reviewed the conviction and related records); *see also Konou*, 750 F.3d at 1126-27 (listing factors to consider in determining whether a crime is particularly serious).  We do not address Ramirez's contentions as to nexus and membership in particular social groups because the BIA did not deny relief on these grounds. *See Santiago-*

16-72682

*Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted). Thus, Ramirez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Ramirez failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (evidence did not compel conclusion that petitioner established the state action necessary for CAT relief).

Finally, we lack jurisdiction to consider Ramirez's unexhausted contention that the IJ improperly denied voluntary departure. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**